1

**NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **Case No.  3:19mj239**

**MELISSA A. DAVIS  /**

## ORDER SETTING TRIAL, TRIAL INSTRUCTIONS AND OTHER PRE-TRIAL MATTERS

A.  <u>TRIAL AND VOIR DIRE PROCEDURE</u>

(1) This case will be tried during the trial term commencing **Monday, November 4, 2019** at Pensacola, Florida, with jury selection to begin at **9:00 A.M.** on that date for all cases scheduled for trial during that term.  Counsel shall be available to meet with the undersigned in Chambers at **8:30 A.M.**

(2) Should the defendant decide to plead guilty as charged, the plea(s) should be presented to the court on or before **8:30 A.M.** on **Thursday, October 31, 2019,** in Pensacola, Florida, if practicable.  If not practicable, the defendant shall contact the court and schedule another date for the plea hearing, after conferring with the Government as to a mutually agreed upon date.  If a plea hearing has not been firmly scheduled on the court's calendar, all parties shall appear for trial, as scheduled, unless the trial has been continued by court order.  Failure to do so will result in an imposition of costs against counsel or the defendant for reimbursement of the

2

summoning of a jury venire.   The court generally will not schedule the re-arraignment on a date after the assigned trial date.

(3)  If the defendant intends to enter a plea of guilty, the defendant shall notify the court and the prosecutor before **October 31, 2019** so that the case can be added to the docket.   If the defendant does not plan to enter a plea of guilty but rather proceed to trial, neither the defendant nor defense counsel need appear on **October 31, 2019**.

(4)  Voir dire examinations of jurors will be conducted by the court.   If a party wishes to submit voir dire questions for the court's consideration, the same must be in writing and filed with the Clerk at least **five (5) business days** before trial, with copy to opposing counsel.   At the conclusion of the court's voir dire examination and in the court's discretion, reasonable opportunity may be given for counsel or the court to ask additional questions that counsel believe should properly be asked because of answers given or other matters occurring during voir dire, not satisfactorily explained by the court's inquiry.

(5)  Jury selection will be accomplished in the manner specified to counsel before trial.   Ordinarily, the court will draw the panelists' names from the venire, prepare an ordered list of the panelists, and provide the list to counsel immediately before jury selection begins.  The jurors will then be selected in the following manner:

For the first jury selected, the court will start with the top name on the list of panelists and go down the list until the first jury is selected.  For the next and subsequent juries, if any, the same procedure will be used, commencing with the next name on the list following the last juror selected on the preceding jury.  When the last name on the list is reached, the next panelist considered will be the first unselected name on the list, and the same procedure will be repeated.  The method of selection of jurors will usually be in one of the following ways:

(a) The panel, or a sufficient portion of the panel, will be examined, after which the attorneys will be given the opportunity to exercise their challenges as in paragraph (b), below, until all the jurors and alternates are selected;

(b) The selection sequence may be done: (1) sequentially, in the order the prospective jurors are listed or seated, beginning with the government, alternatively accepting or challenging each prospective juror until the selection has been completed; or (2) sequentially, by having the government accept the jury and tendering to defendant for acceptance or challenge, and repeating the procedure until the jury is accepted by both the government and defendant.

(c) The court ordinarily will consider and rule on challenges for cause

4

after all the questioning has been completed, either before the selection under the method described in paragraph (a), or during the selection under the method described in paragraph (b). Peremptory challenges for alternate jurors will be in accordance with Rule 24(c), Federal Rules of Criminal Procedure, unless the court specifies otherwise.

(d) Whatever method of jury selection is followed, no back-striking will be permitted.

(6) Before jury selection, all parties must advise the court whether they will stipulate to completing the trial with less than twelve (12) jurors, in the event that any jurors, after being sworn, become disabled or may have to be excused by the court for any other good reason.

(7) In accordance with Rule 30, Federal Rules of Criminal Procedure, requested jury instructions must be filed, and copies furnished to the adverse parties **five (5) business days** before jury selection. Upon good cause shown, supplemental requests for instructions may be submitted at any time before, or at, the close of the evidence. The court intends to use the Pattern Jury Instructions of the Eleventh Circuit, and all requested instructions must, if different from the pattern, identify the differences and provide a rationale for their utilization in lieu of the pattern. If there is no Eleventh Circuit pattern instruction similar or analogous to the requested

5

instruction, then the request shall so specify. All requests for instructions must be plainly marked with the name and number of the case; must contain citations of supporting authorities; must designate the party submitting the same; and, in the case of multiple requests by a party, must be numbered in sequence.

B.  DISCOVERY AND INSPECTION

The parties shall fully comply with N.D. Fla. Local Rule 26.2 (effective Nov. 24, 2015), with the exception of the conference and joint report requirements within section (G)(1) of Rule 26.2. The parties are exempt from the requirements of section (G)(1).

C.  MOTIONS GENERALLY

(1) Motions shall comply with the requirements of N.D. Fla. Local Rule 7.1.

(2) Motions in limine regarding evidentiary matters known to counsel, must be filed at least **five (5) business days** before trial. To the extent evidentiary matters requiring the court's attention arise after that time, counsel should make every effort to notify the court of the matter by filing the appropriate motion as soon as counsel is aware of the need for the motion.

D.  EXHIBITS

(1) All exhibits will be pre-marked by counsel or the parties before trial. A

6

corresponding exhibit list shall be prepared and provided to opposing counsel and the court before jury selection.

(2) A witness list shall be prepared and provided to opposing counsel and the court before jury selection.

E.    APPLICABLE LAW

The Government will be responsible for providing the court with any provision of the United States Code or the Code of Federal Regulations applicable to the charges set out in the information, including any such provision applicable to sentencing in the event of a conviction. This submission must be made by **5:00 P.M. on the Thursday before trial**, with a copy to defense counsel, or to an unrepresented defendant.

F.    PLEA IN ABSENTIA

The court will consider a motion pursuant to Fed. Crim. Rule P. 43(b)(2) where the offense charged is not a Class A Misdemeanor. A motion to allow a plea inabsentia must be filed no less than one week before the trial date and must indicate the assent of the United States Attorney. Defense counsel will be solely responsible for coordinating with the court's IT staff all necessary arrangements for a plea by video teleconferencing.

G.  CONTINUING NATURE OF ORDER

(1) This order, to the extent that it applies to the matters referred to herein, is continuing in nature and through trial.

(2) If the trial of this cause is continued after the issuance of this order: (a) the requirements of this order remain in effect, and (b) the date specified in Section A., Paragraphs 2 and 3, of this order shall be reset by the court, **without additional notification to the parties**, to the **Thursday** of the week preceding the new trial date, and if that Thursday is a holiday, then to the Wednesday of the week preceding the new trial date.

DONE AND ORDERED this ____19th____ day of September, 2019.

*Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**